{¶ 67} Defendant asked the trial court to suppress the crack cocaine found on his person from use in evidence by the State in its prosecution of Defendant on a charge of drug possession. The trial court denied that request. On appeal, Defendant argues that the trial court erred.
 {¶ 68} Suppression of evidence through application of the exclusionary rule is not a right the Fourth Amendment confers. Neither is suppression applied to deter or punish illegal police conduct. Rather, courts have devised and applied the exclusionary rule as a logical corollary to the language of the Fourth Amendment and its guarantee of individual privacy. Weeks v. United States (1914), 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652. Failure to apply the exclusionary rule upon a Fourth Amendment violation would make the right of privacy meaningless and amount to a withholding of the privilege and its enjoyment. Mapp v.Ohio (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.
 {¶ 69} For the foregoing reasons, inquiries concerning the legality of warrantless searches and seizures typically involve an evaluation of police conduct in relation to circumstances implicating a subject in possible criminal activity. Where an officer acts pursuant to the charge of a judicial warrant, however, those issues are immaterial. The *Page 12 
officer's conduct in performing the search or seizure ordered is presumptively reasonable. And, the outstanding warrant creates an exception to the right of privacy which the Fourth Amendment protects.
 {¶ 70} In Dayton v. Click (Oct. 5, 1994), Montgomery App. No. 14328, we held that an outstanding warrant for a subject's arrest limits the subject's reasonable expectation of privacy, such that whether an officer acted legally in performing a search and seizure of the subject is moot, even when the officer was then unaware of the outstanding warrant. In that event, we held, the exclusionary rule cannot apply.
 {¶ 71} One of the officers involved in Defendant's arrest, Sgt. Mark A. Spiers, testified that after drugs were found on Defendant's person and he was arrested, the officers learned that there was an outstanding felony warrant for his arrest. (T. 40). Defendant's right of privacy was limited by the warrant, and he cannot complain that the right was violated when he was stopped and searched by officers, even though they were then unaware of the outstanding warrant for Defendant's arrest.Click. Therefore, Defendant was not entitled to the benefit of the exclusionary rule with respect to the crack cocaine police found.
 {¶ 72} I have previously expressed reservations about the particular kind of search that yielded the drugs Defendant asked the court to suppress. State v. Mackey (2001), 141 Ohio App.3d 604, Grady, J., concurring. The testimony of two experienced officers in the present case that neither has found guns, knives, or other weapons between a suspect's buttocks but have frequently found drugs there (T. 31, 33, 41, 57) confirms those reservations. Nevertheless, the existence of an outstanding warrant for Defendant's arrest avoids any inquiry into the legality of the search the officers performed, including the *Page 13 
suggestion that it was merely a pretextual search for drugs prohibited by the Fourth Amendment. Terry v. Ohio (1968), 392 U.S. 1,10 L.Ed.2d 889, 88 S/Ct. 1868.
 {¶ 73} I would overrule the error assigned and affirm the trial court's order denying Defendant's motion to suppress evidence for the foregoing reasons. *Page 1